RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 2 5 2021

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
_____Atlanta_____ **DIVISION**

Barbara McCloud
_____
(Print your full name)

Plaintiff *pro se*,

v.

Allied Universal
Security
_____

_____
(Print full name of each defendant; an
employer is usually the defendant)

Defendant(s).

CIVIL ACTION FILE NO.

**1:21-CV-2187**

(to be assigned by Clerk)

## *PRO SE* EMPLOYMENT DISCRIMINATION COMPLAINT FORM

### Claims and Jurisdiction

1.  This employment discrimination lawsuit is brought under (check only those
    that apply):

    ✓       Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et
            seq., for employment discrimination on the basis of race, color,
            religion, sex, or national origin, or retaliation for exercising rights
            under this statute.

            **NOTE**: To sue under Title VII, you generally must have
            received a notice of right-to-sue letter from the Equal
            Employment Opportunity Commission ("EEOC").

✓ Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., for employment discrimination against persons age 40 and over, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Age Discrimination in Employment Act, you generally must first file a charge of discrimination with the EEOC.

✓ Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., for employment discrimination on the basis of disability, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Americans With Disabilities Act, you generally must have received a notice of right-to-sue letter from the EEOC.

✓ Other (describe) Refuse to give me WORK There fore I lost an apartment I was WORKing Towards, I could not find WORK I Believe I was Blackball. I had To apply for unemployment + I Won. Allied Universal after weeks Banned me from Company Job Fairs. Stopped me at the doors. I Was still Working

2. This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

for the Company. Said I had To Resolved My post first, yet never allowed me To, by never calling me Back after a few calls. and saying nothing at all. Just Ghosted me. That's When I filed for unemployment. + Won.

## Parties

3.    Plaintiff.    Print your full name and mailing address below:

Name    Barbara McCloud

Address    Post Office BOX 796

Atlanta, GA 30301

4.    Defendant(s).    Print below the name and address of each defendant listed on page 1 of this form:

Name    Allied Universal Security?

Address    229 Peachtree St #935

Atlanta, GA 30303

Name

Address

Name

Address

## Location and Time

5.    If the alleged discriminatory conduct occurred at a location different from the address provided for defendant(s), state where that discrimination occurred:

Georgia Aquarium? 225 Baker Street NW, Atlanta, GA 30313

Page 3 of 9

10. If you were employed by an agency of the State of Georgia or unsuccessfully sought employment with a State agency, did you file a complaint against defendant(s) with the Georgia Commission on Equal Opportunity?

_____ Yes      _____ No      __✓__ Not applicable, because I was not an employee of, or applicant with, a State agency.

If you checked "Yes," attach a copy of the complaint you filed with the Georgia Commission on Equal Opportunity and describe below what happened with it (i.e., the complaint was dismissed, there was a hearing before a special master, or there was an appeal to Superior Court):

_____

_____

_____

_____

11. If you were employed by a Federal agency or unsuccessfully sought employment with a Federal agency, did you complete the administrative process established by that agency for persons alleging denial of equal employment opportunity?

_____ Yes      _____ No      __✓__ Not applicable, because I was not an employee of, or applicant with, a Federal agency.

If you checked "Yes," describe below what happened in that administrative process:

_____

_____

_____

_____

## Nature of the Case

12.  The conduct complained about in this lawsuit involves (check only those that apply):

  _✓_ failure to hire me
  ____ failure to promote me
  ____ demotion
  ____ reduction in my wages
  _✓_ working under terms and conditions of employment that differed from similarly situated employees
  _✓_ harassment
  _✓_ retaliation
  _✓_ termination of my employment
  _✓_ failure to accommodate my disability
  ____ other (please specify) _Their Lawyer Wanted only_
  _To Give EEOC $3,500.00_

13.  I believe that I was discriminated against because of (check only those that apply):   _I lost More Then that._

  _✓_ my race or color, which is _African American_
  ____ my religion, which is _____
  _✓_ my sex (gender), which is ____ male   _✓_ female
  ____ my national origin, which is _____
  _✓_ my age (my date of birth is _09 - 02 - 1962_ )
  _✓_ my disability or perceived disability, which is:
  _I have Upper + lower Back Problems_
  _From car accidents + Very Bad Arthritis_
  ____ my opposition to a practice of my employer that I believe violated   _in my_
  the federal anti-discrimination laws or my participation in an   _Knees_
  EEOC investigation

  _✓_ other (please specify) _Retaliation: on a daily_
  _Basis, and Taking away a chair that_
  _Was there for yrs. I informed Aus,_

_In-person on post + Application_ _that I Could Not Stand For Hours_

✗ Page 6 of 9 ✗

_on end 8hr OR More in one spot._
_I could not lead on the wall for_
_Support, Told I would be fired._

14. Write below, as clearly as possible, the essential facts of your claim(s). Describe specifically the conduct that you believe was discriminatory or retaliatory and how each defendant was involved. Include any facts which show that the actions you are complaining about were discriminatory or retaliatory. Take time to organize your statements; you may use numbered paragraphs if you find that helpful. Do not make legal arguments or cite cases or statutes.

When I Returned To work after Being Off Oct 05, 2018 I was reading the pass on Memos that all contract Security have to read before starting any shift. One Note stated all All chairs at all post Will be taken away. I worked a a long 8 To 9 hr post that also had a desk, I was in charge of making all Visitors Badges, checking in most Visitors VIPs, Contractor, Temp employees, Bands, GA Aquarium employees checked all Bags, call down Staff etc, Check with Dispatch. You had to sit to perform some duties. Ms. Beck the account Manager yelled at Me When I ask Why was the desk chair being taken away from me. She said "if I did not like it, leave + go get another post, Its "the Job" I said don't yell at me. I Said O.K. and gave up my equipment + left.

(Attach no more than five additional sheets if necessary; type or write legibly only on one side of a page.)

She said "So you Just leaving the Post?"

→ I said "You Just Told me To leave". I went to the Main Off + wrote a Statement.

15.   Plaintiff _____ still works for defendant(s)

               ✓      no longer works for defendant(s) or was not hired

16.   If this is a disability-related claim, did defendant(s) deny a request for reasonable accommodation? ✓ Yes _____ No

       If you checked "Yes," please explain: They "AUS" Knew about my Knees & Bad Back, Thats by I took the post it had a Desk + Chair. I could rest my Knees When Time was Slow & Back. I Was Hit by a car 2017. "Account manager told me I could no longer sit down.

17.   If your case goes to trial, it will be heard by a judge unless you elect a jury trial.  Do you request a jury trial?  _____ Yes  ✓ No

## **Request for Relief**

As relief from the allegations of discrimination and/or retaliation stated above, plaintiff prays that the Court grant the following relief (check any that apply):

_____ Defendant(s) be directed to _____

     _____

✓ Money damages (list amounts) Back Pay from 2018 To present @ 11.25 To 12.00 hr

_____ Costs and fees involved in litigating this case Whatever they paying now!

✓ Such other relief as my be appropriate emotional Distress. I had & have been Homeless living in shelters Since this happened To me, No car, apt.

Page 8 of 9

## PLEASE READ BEFORE SIGNING THIS COMPLAINT

Before you sign this Complaint and file it with the Clerk, please review Rule 11 of the Federal Rules of Civil Procedure for a full description of your obligation of good faith in filing this Complaint and any motion or pleading in this Court, as well as the sanctions that may be imposed by the Court when a litigant (whether plaintiff or defendant) violates the provisions of Rule 11. These sanctions may include an order directing you to pay part or all of the reasonable attorney's fees and other expenses incurred by the defendant(s). Finally, if the defendant(s) is the prevailing party in this lawsuit, costs (other than attorney's fees) may be imposed upon you under Federal Rule of Civil Procedure 54(d)(1).

Signed, this 25 day of _May_____, 20 21

_Barbara McCloud_____
(Signature of plaintiff *pro se*)

_Barbara McCloud_____
(Printed name of plaintiff *pro se*)

_Post Box 796_____
(street address)

_Atlanta, GA 30301_____
(City, State, and zip code)

_bobbiemac779gmail.com_____
(email address)

_(404) 642-2595_____
(telephone number)

6.    When did the alleged discrimination occur?  (State date or time period)

*On Oct 05 2018 + Before. Georgia Aquarium Constant put downs, stressful Job.*

_____

_____

## **Administrative Procedures**

7.    Did you file a charge of discrimination against defendant(s) with the EEOC or any other federal agency?    ✓ Yes    _____ No

      If you checked "Yes," attach a copy of the charge to this complaint.

8.    Have you received a Notice of Right-to-Sue letter from the EEOC?

      ✓ Yes    _____ No

      If you checked "Yes," attach a copy of that letter to this complaint and state the date on which you received that letter:

      _____

9.    If you are suing for **age discrimination**, check one of the following:

      ✓    60 days or more have elapsed since I filed my charge of age discrimination with the EEOC

      _____    Less than 60 days have passed since I filed my charge of age discrimination with the EEOC

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Barbara McCloud**<br>**Post Office Box 796**<br>**Atlanta, GA 30301** | From: | **Atlanta District Office**<br>**100 Alabama Street, S.W.**<br>**Suite 4R30**<br>**Atlanta, GA 30303** |
|---|---|---|---|

| | ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|---|
| EEOC Charge No. | | EEOC Representative | Telephone No. |
| **410-2019-01104** | | **Lucy Q. Campa,**<br>**Investigator** | **(404) 562-6864** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*                                                3/2/2021

Enclosures(s)                **Darrell E. Graham,**              *(Date Issued)*
                             **District Director**

cc:  **Andrew King, Legal Services Group**
     **ALLIED UNIVERSAL SECURITY (AUS)**
     **161 Washington Street**
     **Suite 600**
     **Conshohocken, PA 19428**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act<br>Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br><br>410-2019-01104 |
|---|---|---|
| | | and EEOC |

| State or local Agency, if any |
|---|

| Name (Indicate Mr., Ms., Mrs.)<br>**Barbara McCloud** | Home Phone (Incl. Area Code)<br>**(404) 642-12575** | Date of Birth<br>**1962** |
|---|---|---|

| Street Address                          City, State and ZIP Code<br>**Post Office Box 581, Decatur, GA 30031** | | |
|---|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**ALLIED UNIVERSAL SECURITY (AUS)** | No. Employees, Members<br>**500 or more** | Phone No. (Include Area Code)<br>**(678) 492-8850** |
|---|---|---|

| Street Address                          City, State and ZIP Code<br>**1438 West Peachtree, Suite 100, Atlanta, GA 30309** | | |
|---|---|---|

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

| Street Address                          City, State and ZIP Code | | |
|---|---|---|

| DISCRIMINATION BASED ON (Check appropriate box(es).)<br><br>☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN<br>☒ RETALIATION   ☒ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION<br>☐ OTHER (Specify) | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest                     Latest<br>**10-05-2018**           **11-20-2018**<br><br>☒ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with the above employer in March 2018, as a Security Officer. My last post was at the Georgia Aquarium. In or about August 2018, Laurel Beck became the new site Manager. Ms. Beck started making changes and she began harassing and singling me out by criticizing me for things that other employees were not disciplined, she frequently told me "We have let people go for less/or people get fired for less". On or about October 5, 2018, during a staff meeting, Ms. Beck announced that she would remove the chairs from all the posts because the client did not want security people sitting during employment hours. I informed Ms. Beck that I have a disability and I could not stand for 8-hours, Ms. Beck told me that If I did not like it I could change my post. I told her that I would change my post on my next off day, but she told me, "You do not need to wait, leave now" The same day, I visited the company's main office and complained about Ms. Beck discriminatory treatment. I was instructed to write a complaint. On or about October 16, 2018, I assisted to the company's work fair, but I was not allowed to participate because Ms. Beck told the company that I abandoned my post. The company favors White and younger employees. I called different people from the company H.R., but no one has taken a corrective action. On or about October 31, 2018, I left a telephone message for H.R. Manager, Venisha Rigging informing her that since the company has being ignoring my complaints, I had no choice but to file a charge with the EEOC.

I believe that I have been discriminated against because of my race (African American), in violation of Title VII of the Civil Rights of 1964, as amended, my disability, in violation of the Americans with Disabilities Act of 1990, as amended, my age (56), in violation of the Age Discrimination in Employment Act of 1967, as amended, and in retaliation for opposing unlawful employment practices, in violation of Title VII, ADA, and ADEA.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>Nov 20, 2018<br>Date          Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>NOV 20 2018<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year)   EEOC-ATDO |

ALLIED UNIVERSAL

bobbiemac7709mail.com
(404) 642-2575

**EMPLOYEE STATEMENT FORM**

FIRST NAME: Barbara        LAST NAME: McCloud

POST LOCATION: GA Aquarium   POSITION: Security Officer

I, Barbara McCloud, am making this statement to Allied Universal Service. Today's date is October 05, 2018.

I Officer Barbara McCloud Worked at the GA Aquarium Since May Memorial Weekend 2018. Mr-U Steve was the Manager (He has Since left) Ms Laural Beck Took his place. On this Day Oct 05, 2018 I arrived at Work and the pass on Stated No more Rotations + One post all day. Ms Beck was in the Dispatch Room, Dispatcher Sam + Sue thomas + other Officers out side + inside the Dispatch Room. I informed Ms. Beck that I could not stand for 8 hrs because of my Arthritis Mainly in my left Knee, & She snapped "It's the Job" + if you can't do it, so look for another post." I said "OK, + I need to make 40h So I'll go Tuesday (I'm off Tues & Wed's). She said "you can go now" I said "OK, then she said so youie gow home I'll tell the office you left the job. I said "you Just Told me I could leave." (I find Ku to be a double Talker, + Mean, She has threaten my Job serveral Tmes with comments like "We've left people go for less" on potty stuff. "Raise you (Security officers) Ms Beck

EMPLOYEE SIGNATURE: Barbara McCloud    Page 1 of 3

WITNESS NAME: _____   POSITION: _____

WITNESS SIGNATURE: _____   DATE: _____

ALLIEDUNIVERSAL
There for you.

**EMPLOYEE STATEMENT FORM**

FIRST NAME: Barbara McCloud   LAST NAME: McCloud

POST LOCATION: GA Aquarium - POSITION: Security Officer.

I, Barbara McCloud, am making this statement to Allied

Universal Service. Today's date is _____.

Page 2)

are not at the level I ned you to Be." Ms Beck
This Joh had civen me heart Burn, It's
rush here, rush there. Breaks (lunch) is so
short (It's starts as soon as an officer Relieves
you) Rush restroom Breaks. On Daily / PattonSmin
(No 15 min Breaks) We stand check Bays
Thousands) Example: Oct 04, 2018. I informed Ms. (Thursday)
Beck about the faulty Plastic Bays that would
Bust open at the bottom. another employee name
"officer Diane" jumped into the conversation, said Rud (I
"all you have to do is change Bays ( Which I knew),
that was not the point, the Pt was better stronger
bag or strong Tape To Tape it up or we will lose
People stuff. That's checked in Knife etc)
I Informed Diane To hold her comments — Ms Beck
Tarned on me. Then said "Oh we need To talk,
about What you said in ear shot" 12 Anthony" I said
What? She said "We're talk." It said To Ms Beck
"When did this happened? She said yesterday, I said I
Was on." She looked at he + walked away. The pay
at This post don't Match what we do, Patrolling, North employye

EMPLOYEE SIGNATURE: Barbara McCloud   Page 2 of 2

WITNESS NAME: _____   POSITION: _____

WITNESS SIGNATURE: _____ DATE: _____

Check Bags (thousands) sign in's, I have been called a
Bofel at North Employee post. The contract employees are
Rude to Security, +ve had ID's pushed in my face (severa)
Some Aquarium employees are Rude, mostly contract servers, cooks
_____ show. AL or ID. (Hostile)

Oct 5, 2018

Allied Universal
Employee Statement form

Page 3

a "Hostile Work environment", how pay, I've had
to Tell men officers to stop calling me "girl" I am
56 yrs old. Worked security since 1984. If you speak up you're
Wrong.

~~Thursconvertenarones~~ (Bm)

I Find Ms Beck rude, harsh, snappish,
of double Tuker, I said To Ms Beck you were
rude to me & Diane— Ms. Beck said To me
Oct 5, 2018 "She's been here a long Time" —
I said "What does that mean, that gives
her the right to be rude to employees (officers)"
I Believed they Worked together at another
post, I'm not the only officer who has stated
this about Diane. ~~Thursconverteron~~ (Bm)

I do not wish to return to this post.
~~unless~~
~~Thursconvertconves~~

S/s McCloud Barbara
Page 3 Oct 5, 18

Barbara McCloud's Answer to Allied Universal

Date 09/25/2019

Barbara McCloud former employees of Allied Universal was hire in March 2018.

I did not get a permanent post until The Georgia Aquarium.

I put on my application my arthritis in my knee's and I informed all Supervisors of the same that I could not stand for long period's of time. I was hit by a car in 2017 and this was another reason because I has lower back pain every day. I still did my job. I told supervisors this.

That's why I was mainly posted at the employee entrance where there was a desk and a chair that have been there for years. (Before I got the job)

At least I could sit and stand during the 8 hour shift. I was the bag checker of hundreds of bags a day, I was the contact dispatcher at employee entrance, I made badges for all visitors, and signed in all guest, vendors, café staff, and temp agencies employee's.

I tried and tried to get another post and was constantly shut out. I went to job fair and was stopped at the door and told no I was not fired at all.

See the corporate or local office stopped contact me and I filed unemployment which I did get.


Barbara McCloud



*There for you.*

Dear Sir/Madam:

Please allow this letter to serve as the complete Response of Allied Universal Security Services ("Allied Universal") regarding the above-referenced charge of discrimination and any questionnaires or requests for information. Allied Universal reserves the right to supplement or modify this Position Statement should additional information become available.

The Complainant, Barbara McCloud ("Ms. McCloud"), alleges that she was unlawfully discriminated against because of her race, age, and disability, and retaliated against. Allied Universal categorically denies Ms. McCloud's claims. At all times, Allied Universal and its agents have complied with Allied Universal's own legitimate policies and all local, state, and federal laws regarding fair employment practices.

## I. FACTS

Allied Universal provides security services to many clients throughout the Atlanta area. At all relevant times, Ms. McCloud worked as a security professional at one such site, the Georgia Aquarium. When Ms. McCloud was hired, she did not inform Allied Universal that she had any sort of medical condition, nor did she request any accommodation. There is one seated post at the site, and Ms. McCloud – like the other security professionals at the site – occasionally rotated through this post.

In August 2018, Allied Universal's client informed account manager Laura Beck ("Ms. Beck") that it wanted security professionals to work at a single post for the duration of each shift, rather than having security professionals work at several different posts at the site throughout the course of their shifts. Ms. Beck informed the security professionals at the site of this new arrangement in late August. She specifically asked that anyone who felt unable to do this contact her, but nobody (to include Ms. McCloud) did.

Before the change took effect, in late September, Allied Universal's client informed Ms. Beck of a performance issue. As noted above, there is one seated post at the site: security professionals working at the employee entrance are allowed to sit while at this post, provided that they stand to greet arriving client employees. Ms. McCloud, however, failed to stand to greet client employees on several occasions. Despite the fact that Ms. McCloud failed to perform her job properly, she was not disciplined. Instead, she was simply informed that she would not be assigned to this post in the future. Ms. McCloud did not protest, and she did not say that she needed to be assigned to a sitting post.

On October 5, supervisor Joseph Crisp ("Mr. Crisp") informed Ms. McCloud and the other security professionals arriving for their shifts that the aforementioned policy change would be going into effect that day – i.e. that security professionals would be assigned to a single post for the entire shift. Upon hearing this, Ms. McCloud became irate. She began yelling that this was "ridiculous" and that she could not stand at her post for the entire day. Ms. Beck heard the commotion and tried to explain that Ms. McCloud could have raised this issue any time over the past month, but that she could still be reassigned to another post if she could not perform her job duties or required an accommodation. Rather than professionally discuss the situation with Ms. Beck, Ms. McCloud angrily said that she could perform her job duties, but that Ms. Beck "can't do this". She unreasonably took off her radio and stormed off to the dispatch room, where she turned in her uniform, name tag, and access badge. Nobody ever told Ms. McCloud that she could leave, and as she improperly abandoned her shift, her employment was terminated.

On October 16, Ms. McCloud came to a work fair to look for a new assignment. Upon being informed that her employment had been terminated (and thus, that she was not eligible for reassignment), Ms. McCloud complained to human resources representative Sevella Lary ("Ms. Lary"); she said that she had no prior knowledge that security professionals would not be allowed to sit, and she accused Ms. Beck of making this change to target her because of her arthritis.

Ms. Lary confirmed to Ms. McCloud that her employment had been terminated, but she promised to investigate the circumstances of Ms. McCloud's termination. She spoke to several witnesses. All confirmed that Ms. Beck had given the security professionals advance notice of the change and provided them with an opportunity to discuss any limitations or restrictions they may have had. Additionally, all confirmed Ms. McCloud acted argumentatively and inappropriately, and then abandoned the site (without being told that she could leave).

Ms. Lary preliminarily determined that Ms. McCloud's complaint was without merit, but she called Ms. McCloud on or around October 25 to ask if she could provide any additional information to help her investigate. Ms. McCloud called Ms. Lary back, but Ms. Lary was not in. When Ms. Lary called Ms. McCloud back, she left a message.

Ms. McCloud never attempted to return the call, nor did she contact any other Allied Universal employee again. As such, Ms. Lary made a final determination that Ms. Beck had not engaged in any wrongdoing.

## II.    DISCUSSION

### A.    *Ms. McCloud was not discriminated against because of her race or age.*

As a preliminary matter, it should be noted that Ms. McCloud's charge contains no factual allegations which support an inference of race or age discrimination – only the baseless speculation that Allied Universal "favors white and younger employees". Indeed, her speculation is belied by the fact that her hours were given to six employees following the termination of her employment – none of whom were white, and two of whom were about as old as Ms. McCloud.[1] Thus, her charge is fatally flawed and it must be dismissed.

### B.    *Ms. McCloud was not discriminated against because of her disability.*

Ms. McCloud severely mischaracterizes the events of October 5. First, as noted above, this was merely the date that the policy change went into effect. For over a month prior to this, Ms. McCloud knew that the policy would change so that she could no longer sit at a single post for the duration of her shifts, but she unreasonably failed to inform Ms. McCloud that she would need a reasonable accommodation. Second, it should be noted that Ms. McCloud worked non-sitting posts without accommodation (or complaint) very often during her time at the site. In fact, even before the new policy went into effect on October 5, Ms. McCloud was disallowed from taking the one mostly-sitting post because she failed to stand to greet client employees.

Finally, Ms. Beck attempted to engage in an interactive process with Ms. McCloud once Ms. McCloud belatedly told her that she would not stand post. Unfortunately, Ms. McCloud was unwilling to engage in this process. Instead, she became infuriated; she began yelling at Ms. Beck and would not listen to anything Ms. Beck was saying. Following this, Ms. McCloud said that she *was* able to perform the essential functions of the job, but then she left the site without being given permission. As post abandonment is a terminable offense, Ms. McCloud's employment was terminated. This is a legitimate, nondiscriminatory reason.

### C.    *Ms. McCloud was not retaliated against.*

Under the applicable law, a claim of retaliation only exists where an employee opposes an unlawful employment practice in a reasonable manner and *subsequently* ▮xperiences adverse action. In this case, Ms. McCloud did not oppose an unlawful

███████████████████████████████████████████████████████

employment practice in a reasonable manner on October 5. Instead, she angrily refused to engage in the interactive process with her supervisor. This was not protected conduct, and it cannot support a claim of retaliation.

Following this, on or about October 16, Ms. McCloud made a complaint to Ms. Lary. As this complaint occurred *after* Ms. McCloud's termination, it cannot be said that Ms. McCloud experienced adverse action because of the complaint. Instead, as noted above, Ms. McCloud's employment was terminated because she abandoned her post in violation of company policy. This is a legitimate, nonretaliatory reason.

## III.   CONCLUSION

In summary, Ms. McCloud was not discriminated or retaliated against. She refused to engage in the interactive process and her employment was terminated for post abandonment. As Ms. McCloud's claims clearly lack merit, Allied Universal respectfully requests that you dismiss her allegations and enter a finding of no probable cause.



Sincerely,



Date:1/14/2021

To: Whom it May Concern:

Please be informed Barbara McCloud is currently homeless and temporarily residing at Mary Hall Freedom House, Inc.-The Donna Center for Women and Families. The Facility is an emergency shelter, located at 866 Warner Street, SW Atlanta, GA 30310. Barbara has been in our program since 12/9/2020.

Should you need any further information, please feel free to contact Kim McKinney, at 770-558-9490.

Warmest Regards,

# Kim McKinney

Kim McKinney, MPA

Donna Center For Women and Families -Case Manager



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Atlanta District Office**

100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
TTY (404) 562-6801
FAX (404) 562-6909/6910

September 19, 2019

**SENT VIA EMAIL:** bobbiemac77@gmail.com

Ms. Barbara McCloud
Post Office Box 581
Decatur GA 30031

Re:     EEOC Charge No.: 410-20119-01104- Respondent: Allied Universal Security

Dear Ms. McCloud:

Action on the above-referenced charge of employment discrimination filed with the U.S. Equal Employment Opportunity Commission ("EEOC") is needed. Find attached a copy of Respondent's position statement for your review. **By accepting these documents, you agree that you will only share this information with persons in a privileged relationship to you, such as a spouse, clergy member, and legal or financial advisor. You agree to keep the contents of these documents in strict confidentiality.**

Your case has been carefully reviewed, however, no final determination has been made by the Commission. Sending the Respondent's position statement to you does not necessarily indicate that the EEOC concurs with the Respondent's response. Please review the attached position statement and submit a written rebuttal directly to my attention within seven days. In your rebuttal, please indicate what part of the position statement is not accurate and describe why it is not accurate. Explain why the EEOC should continue investigating your case. If you have new   information (not previously provided), submit this new information as part of your response. If you have witnesses to support your allegations, provide his/her contact information (name/phone number and email). Please note that any documents that may be referenced in the position statement (exhibits) are not included in this correspondence as evidence could be considered confidential and it cannot be disclosed until after the charge has been closed by EEOC.

If your rebuttal does not contain any relevant evidence, or if the new information submitted by you cannot successfully refute the Respondent's position statement, a recommendation for dismissal may be made without further investigation or contact with you. In that event, you will be issued a "Dismissal and Notice of Rights" which would enable you to file suit in U.S. District Court within 90 days of your receipt of that Notice. If a law suit is not filed within 90-days, the right to sue the above employer will be lost. Please be informed that the Commission cannot replace a Notice of Rights.

Sincerely,

Lucy Quintero-Campa
Senior Federal Investigator
US Equal Employment Opportunity Commission
Atlanta District Office.
Lucy.campa@eeoc.gov

Cc: file

DOL-442B1(R-02/17)
NM2006

## GEORGIA DEPARTMENT OF LABOR
## CLAIMS EXAMINER'S DETERMINATION

SSN   ***-**-5106

BYB   11/08/18

CWB   11/25/18

ACCT# 054457-07

GEORGIA DEPARTMENT OF LABOR
APPEALS TRIBUNAL
148 ANDREW YOUNG INT'L BLVD NE, STE 525
ATLANTA, GA 30303-1734
EMAIL: appeals@gdol.ga.gov
FAX: 404-232-3901 OR 404-232-3902

| CLAIMANT | EMPLOYER |
|---|---|
| BARBARA MCCLOUD<br>PO BOX 581<br>DECATUR GA     30031 | UNIVERSAL PROTECTION<br>PO BOX 3157<br>TORRANCE   CA   90510 |

### SECTION I - CLAIM DETERMINATION

Benefits are allowed as of 11/25/18.

### SECTION II - LEGAL BASIS FOR DETERMINATION

Section 34-8-194 (2) (A) of the Employment Security Law says that you cannot be paid unemployment benefits if you were fired from your most recent employer for not following your employer's rules or orders. In addition, you may not be paid unemployment benefits if you were fired for failing to perform the duties for which you were hired, if that failure was within your control. You also cannot be paid benefits if you were suspended for any of these same reasons. The law says that your employer has to show that discharge or suspension was for a reason that would not allow you to be paid unemployment benefits. If you cannot be paid unemployment benefits under this section of the law, you may qualify at a later time. To do this, you must find other work and earn wages covered under unemployment law. The covered wages must be at least ten times the weekly amount of your claim. If you then become unemployed through no fault of your own, you may reapply for unemployment benefits.

### SECTION III - REASONING

Your employer fired you for abandoning your post. The available facts show that you did not abandon your post. The facts show that you did not fail to follow employer's rules, orders or instructions. Therefore, you can be paid benefits.

### SECTION IV - ACCOUNT CHARGEABILITY

NOTICE TO EMPLOYER:

### SECTION V - APPEAL RIGHTS

NOTE: This determination will become final unless you file an appeal on or before 01/04/19 . If you wish to file an appeal, submit a written request by email to appeals@gdol.ga.gov, fax to 404-232-3901 or 404-232-3902 or mail to the Appeals Tribunal, 148 Andrew Young Int'l Blvd, NE, Suite 525, Atlanta, GA 30303-1734. If you file an appeal you must continue to report on your claim as instructed, or you will not be paid if you win your appeal. Refer to the Claimant Handbook for more details.

| Georgia Department of Labor | 12/14/18 | 12/20/18 |
|---|---|---|
| Claims Examiner | Date of Interview | Mail Date |